IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA

v.  CASE NO. 4:03-cr-56-RH-AK

KATHY MILLS LEE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc.203, Second Amended Motion to Vacate,[1] by Kathy Mills Lee.[2] The Government has filed its response, Doc. 213, and Defendant has filed a reply. Doc. 218. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the second amended motion to vacate be denied.

## BACKGROUND

Defendant Lee and a co-defendant, Joseph Michael Wyman, were indicted for three counts of mail fraud in violation of 18 U.S.C. §§ 1341 & 1342. Doc. 68. The financial scheme underlying the charges is set forth in *United States v. Lee*, 427 F.3d 881 (11th Cir. 2005), and will not be repeated here. Both defendants were convicted on all counts. Lee was sentenced to 70

---

[1] As Defendant was advised, the second amended motion replaces the original and first amended motions in their entirety, Docs. 193 & 200, and those motions should be terminated. *See* Doc. 201.

[2] This cause was administratively re-assigned to the undersigned on September 7, 2007.

months imprisonment on each count, to run concurrently.  Doc. 114.

She appealed her conviction and sentence, arguing insufficiency of the evidence, improper admission of evidence, and various errors associated with sentencing.  The Eleventh Circuit affirmed in all respects except as to one sentencing error involving the double counting of two checks in calculating the amount of the loss to the victims.  The parties agreed that there was error in this regard, and the appellate court remanded for resentencing.  *Lee*, 427 F.3d at 897.

On remand, the Court sentenced Lee to 55 months on each count, to run concurrently.  Doc. 186.

The instant proceeding followed.  On this occasion, she raises the following issues: (1) that there was a "fatal variance" between the Government's theory of prosecution and the proof at trial; (2) that her trial was fundamentally unfair and she was denied equal protection and competent counsel; (3) that counsel was incompetent in failing to challenge the selection and impaneling of a biased jury, thereby denying Lee the right to an impartial fact-finder; (4) that she was denied due process and equal protection by the criminalization of the act of mailing a notice to a bank to close an account; (5) that she was denied due process and equal protection by the criminalization of the act of following the Florida Rule of Civil Procedure regarding service of motions and pleading; and (6) that she was denied due process, equal procedure, and a fair trial because the Government failed to prove an element of mail fraud, i.e., material misrepresentation.  Doc. 203.

## DISCUSSION

1. "Fatal variance."

In this claim, Lee charges that the Government's theory of prosecution was "that by passing 'bad checks' I had 'represent[ed] to the payees that there [was] money in the account to pay the checks,' and that those checks, per se, constituted a false statement of a material fact amounting to fraud." Doc. 203 (citations omitted). However, at trial, the Government's witnesses "proved I either told the payees the issue check account was closed, reimbursed them when the check was returned, cancelled the underlying intended sales transaction, or entered into a novation." *Id*.

This claim is not cognizable in this proceeding. When the appellate court has reviewed a case on the merits, as it has done here, and held that there was sufficient evidence to support the jury's verdict, as it has done here, then "any possibility of fatal variance...has already been settled by the usual appellate process." *Greene v. United States*, 360 F.2d 585 (5th Cir. 1966); *see also United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (district court is not required to reconsider claims of error that were raised and disposed of on direct appeal), *cert. denied*, 531 U.S. 1131 (2001).

    2.    Unfair trial.

In this claim, Defendant charges (1) that her attorney failed to present the defense that her actions were taken in good faith and in reliance on "courses, templates, and banking procedures" she had bought and (2) that her attorney failed to interview or present witnesses, including "banking contacts, technical experts, or personal witnesses," or other evidence, such as the Uniform Commercial Code or negotiable instruments or contract law, to refute the Government's case. Doc. 203.

It was impossible to advance a defense of good faith or ignorance when at least one banker warned Lee that in writing checks on a closed checking account, she was committing a fraudulent act.  Furthermore, while there are people who promote using bills of exchange as a means of eliminating debt, the Office of the Comptroller of the Currency has warned about "Bogus Sight Drafts/Bills of Exchange Drawn on the Treasury" and concluded that the "theory behind their use is bogus and incomprehensible." http://www.treasurydirect.gov/instit/statreg/fraud/fraud_bogussightdraft.htm.  Thus, counsel would have found it difficult to find anyone with recognized banking credentials to attest to the legality of Lee's actions.  Even if counsel had presented the suggested defense and witnesses, there is not a reasonable probability that the jury would have acquitted Lee on the charges against her, as the evidence against her was overwhelming.

      3.      Failure of counsel to challenge biased jury.

In this ground, Lee claims that counsel failed to object to the empaneling of a biased jury "composed of 68 % who were directly employed by the government...or had a close family member employed by law enforcement or a correctional department."  Doc. 203.  In her view, this statistic alone demonstrates obvious bias in favor of the Government.  *Id.*

"The spectre of bias or prejudice must become...tangible before it can overcome the general presumption in favor of jury impartiality."  *United States v. Delval*, 600 F.2d 1098, 1102 (5th Cir. 1979).  "[W]hen reviewing juror impartiality, this court has focused on whether (1) the juror may be affected by matters not in evidence, and (2) the juror may presume guilt rather than innocence."  *United States v. Dickerson*, 248 F.3d 1036, 1045 (11th Cir. 2001).  The Court also examines whether a juror has exhibited actual bias, either expressly or by proof of specific facts

showing such a close connection to the circumstances of the case that bias is presumed. *United States v. Trujillo*, 146 F.3d 838, 842-43(11th Cir. 1998). While there are instances where prejudice is presumed without a showing of bias, those instances are rare. *See Mayola v. State*, 623 F.2d 992, 996-97 (5th Cir. 1980) (discussing standards for presuming prejudice where there is adverse pretrial publicity).

In this case, Lee seeks a presumption of bias merely because a majority of the persons seated on her jury had some connection to government or law enforcement, not because they otherwise had any connection whatsoever to the circumstances of her case. She cites no authority for such a presumption, and the Court can find none. Furthermore, Lee does not point to any specific juror that counsel should have sought to exclude based on bias, and the Court will not comb the record to find attorney error rising to the level of ineffective assistance of counsel when the burden is on her to point to point to specific errors of counsel. This claim is without merit.

4. Criminalization of mailing notice to close account.

The court of appeals rejected this claim on appeal. *See Lee*, 427 F.3d at 888. It will not be reconsidered now.

5. Criminlization of serving pleadings in civil lawsuit.

This claim was likewise rejected on appeal and will not be further addressed here. *See id*. at 889.

6. Failure to prove material misrepresentation.

Finally, Lee claims that the Government failed to prove a material misrepresentation because it failed to prove the checks would not have been paid by the United States Treasury

"since no payee or bank followed the instructions to present the checks or exchange vouchers to the Department of the Treasury to verify that they would not be honored." Doc. 203. Like the basis for the whole notion underlying this financial scheme, see http://www.treasurydirect.gov/instit/statreg/fraud/fraud_bogussightdraft.htm, this argument is nonsense. The whole scheme, in and of itself, was a material misrepresentation that there was money to cover the checks that the defendants were passing for goods and services when, in fact, the funds were either insufficient or non-existent. The victims did not have to chase their moneys down bogus paths in order to complete the material misrepresentations which the defendants had made to them and satisfy the elements of the fraud statute.

## CONCLUSION

Having carefully considered the matter, the Court finds no merit to any of Defendant's claims. Accordingly, it is respectfully **RECOMMENDED:**

That the motion and amended motion to vacate, Docs. 193 & 200, be **TERMINATED** without further order;

That the second amended motion to vacate, Doc. 203, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this _6th___ day of August, 2008.

> *s/ A. KORNBLUM*
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may**

**respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**